UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA D RIVERA DIAZ,

    Plaintiff,

v.                                                        Case No:   6:19-cv-326-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412(d) (Doc. 31). Plaintiff requests an award of $6,470.19 calculated at the rate of $201 per hour for work performed in 2019 and 2020 (Id., at 1). The motion includes a schedule of the Plaintiff's attorney's billable hours, his affidavit and Plaintiff's affidavit in support of the application (Docs. 31-1, 32-2, 32-3). Defendant has no objection to the requested relief (Doc. 31 at 4).

Under the Equal Access to Justice Act ("EAJA"), a claimant is eligible for an attorney fee award where: (1) she is the prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Plaintiff alleges that she is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this

case was filed was less than two million dollars (Doc. 31 at 1).

On December 23, 2019, the Court entered its Opinion and Order reversing the Commissioner's decision and remanding this case for further proceedings pursuant to 42 U.S.C. § 405(g) (Doc. 29). The Clerk of Court entered judgment for Plaintiff on December 26, 2019 (Doc. 30). Plaintiff timely filed her application for attorney's fees on March 23, 2020 (Doc. 31).

Plaintiff has assigned her interest in the EAJA fee to her attorney (Doc. 31-2). She asks that the EAJA payment be made payable to her and delivered to her lawyer unless she owes a federal debt. She also states that if the U.S. Department of the Treasury determines that she does not owe a federal debt, the government will accept her assignment of EAJA fees and pay fees directly to her lawyer (Id., ¶ 4). Any agreement between the parties as to payment of the EAJA fee is outside the purview of the judgment, and the parties may make whatever collection arrangements they wish. The Court declines to order the government to reimburse counsel directly. See Astrue v. Ratliff, 560 U.S.586, (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

Now, pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees (Doc. 21) is **GRANTED** and Plaintiff is awarded EAJA attorney's fees in the amount of **$6,470.19**.

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record